UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALICIA MARTIN, et al.,

    Plaintiffs,

v.

CSAA INSURANCE EXCHANGE,

    Defendant.

Case No. 17-cv-04066-MEJ

**ORDER RE: MOTION TO DISMISS**

Re: Dkt. No. 31

## INTRODUCTION

Pending before the Court is Defendant CSAA Insurance Exchange's Motion to Dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). Mot., Dkt. No. 31. Plaintiffs Alicia and Efren Martin filed an Opposition (Dkt. No. 34), and Defendant filed a Reply (Dkt. No. 36). The Court finds this matter suitable for disposition without oral argument and **VACATES** the January 18, 2018 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS** Defendant's Motion for the following reasons.

## BACKGROUND

The First Amended Complaint (FAC, Dkt. No. 22) alleges the following:

Plaintiffs purchased a homeowners' insurance policy and a standard flood insurance policy (SFIP) from Defendant to cover losses to their property. FAC ¶¶ 2, 28-29. The declarations pages from these two policies are attached to the FAC. *Id.*, Ex. A (Homeowners Policy) & Ex. B (SFIP).

On March 11, 2016, Plaintiffs' property was flooded by torrential rain and incurred more than $80,000 in damages. *Id.* ¶ 14. Plaintiffs submitted a claim for the damage, first under their Homeowners' Policy, then under their SFIP. *Id.* ¶ 15. Defendant denied the claims. *Id.* ¶ 18.

Plaintiffs contend the denial was without reasonable basis in fact or law, and was made in bad faith. *Id.* ¶¶ 19-20.

Based on these allegations, Plaintiffs assert claims against Defendant for breach of contract, breach of the covenant of good faith and fair dealing, tortious interference with contract, and unfair business practices (Cal. Bus. & Prof. Code §§ 17200, 17500). *See* FAC ¶ 1. Each of the claims is based on Defendant's failure to provide coverage under the Homeowners or Flood Insurance policies. *Id.* ¶¶ 30 (contract), 33 (covenant of good faith), 58 (tortious interference), 66-69 (UCL). Plaintiffs contend this Court has subject matter jurisdiction to decide their claims because "the administration of Plaintiffs' Flood Insurance Policy is underwritten by FEMA and thus presents a federal question." *Id.* ¶ 11. Each of Plaintiffs' claims is asserted under California law; not federal law. *Id.* ¶ 1 ("This is a diversity action involving common law claims under California law.").

## LEGAL STANDARD

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.*; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**DISCUSSION**

**A.   Preemption**

Defendant moves to dismiss the FAC because each of the state law claims asserted therein is preempted by federal law. *See* Mot.

Plaintiffs acknowledge the National Flood Insurance Program (NFIP), 42 U.S.C. § 4011, "is a federal subsidized flood insurance program that was established by the National Flood Insurance Act (hereinafter, 'NFIA') and is administered by FEMA. 42 U.S.C. § 4011. . . . FEMA has authorized private insurers under the NFIA to offer [SFIPs] that comply with federal law and are provided with funds drawn from the National Flood Insurance of the U.S. Treasury to pay the insureds' claims." Opp'n at 6. Private insurers who offer SFIPs operate under FEMA's "Write Your Own" (WYO) Program. *See generally Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 387-89 (9th Cir. 2000) (summarizing history of NFIA, and evolution of the NFIP and WYO Program). "The WYO program allows private insurers to write standard flood insurance policies under their own names. [Cite.] Coverage is provided under the auspices of the NFIP, pursuant to

3

the program's regulations, and is identical in scope and in cost to policies issued directly by FEMA." *Id.* at 389. Federal regulations require WYO insurers to use a standard SFIP form, or to obtain express consent from the Federal Insurance Administrator to utilize a different form. 44 C.F.R. § 61.13(d).

In 2000, FEMA proposed certain rule changes to the SFIP form, including the addition of a "What Law Governs" provision; FEMA explained the change was intended to "emphasize that matters pertaining to the [SFIP], including issues relating to and arising out of claims handling, must be heard in Federal court and are governed exclusively by Federal law." 65 Fed. Reg. 34824 at 34826-27 ("Exclusive Federal Jurisdiction and Applicable Law"); *see also id.* at 34838 (proposed "What Law Governs" provision). The proposed rule changes were adopted, codified as federal regulations at 44 C.F.R. Pt. 61, App. A(1), and became effective on December 31, 2000. Since that time, the standard SFIP form for dwellings includes the "What Law Governs" provision, which states: "This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the [NFIA] of 1968, as amended (42 U.S.C. 4001 et seq.), and Federal common law." 44 C.F.R. Pt. 61, App. A(1), Art. IX; *see also Pecarovich v. Allstate Ins. Co.*, 272 F. Supp. 2d 981, 986 (C.D. Cal. 2003) ("Since October of 2000, every SFIP has included a provision explicitly stating that the 'policy and all disputes arising from the handling of the claim under the policy are governed exclusively by [federal law]."), *reversed on other grounds*, 135 Fed. App'x 23 (9th Cir. June 6, 2005). Federal regulations have the same preemptive effect as federal statutes. *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982).

"Although the Ninth Circuit has not decided in a published opinion whether state-law claims against WYO providers related to SFIPs are preempted by federal law, 'every [other] circuit court to have considered the issue'" after the adoption of the "What Law Governs" provision has concluded they are preempted. *Surfsand Resort, LLC v. Nationwide Mut. Fire Ins. Co.*, 2017 WL 4678205, at *3-4 (D. Or. Oct. 16, 2017) (quoting *Woodson v. Allstate Ins. Co.*, 855 F.3d 628, 637 (4th Cir. 2017) and collecting cases, including *Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1344 (11th Cir. 2007) ("The plain language of the [SFIP], which is

embodied in a federal regulation, reflects a clear intent to preempt claims under state law . . .In light of the plain language of the 2000 amendment and the statement of intent, Shuford's tort claim is expressly preempted by federal law because it arises from the handling of a claim under [an SFIP]")); *cf. Flick*, 205 F.3d at 390 ("'Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.'" (quoting *Brazil v. Giuffrida*, 763 F.2d 1072, 1075 (9th Cir. 1985))[1]; *see also McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999) ("The law is clear that, as contracts, SFIPs issued under the [NFIP] are governed by federal law applying standard insurance law principles . . . Federal common law therefore controls the interpretation of these insurance policies.").

Plaintiffs do not address the preemption language included in their SFIP, FEMA's statement of intent regarding the "What Law Governs" provision, or the applicable federal regulations. Rather than attaching the complete SFIP to the FAC, which would show the preemption provision on the face of the document, they only attach the Declarations Page. Plaintiffs merely argue it is "not entirely true" that state claims arising from the handling of NFIP claims are preempted by federal law. Opp'n at 6; *see also id.* at 9 ("Congress, via its delegation of regulatory power to [FEMA], has expressly preempted state law only as to handling related claims."). They further contend their claims based on the procurement of their Flood Insurance Policy are not preempted. *Id.* at 8-11. But the FAC includes not a single allegation regarding the procurement of the Flood Policy, much less facts sufficient to state a claim based on procurement of the Policy. *See* FAC.

Plaintiffs also argue their state-law breach of contract claim is not preempted. Opp'n at 6-7. But they rely on cases decided before the adoption of the "What Law Governs" provision and

---

[1] The Ninth Circuit did not decide whether state law claims were preempted, as the parties stipulated that they were. *Flick*, 205 F.3d at 389.

5

before FEMA published its statement of intent. *See* Opp'n at 6-7 (citing *Cohen v. State Farm Fire & Cas. Co.*, 68 F. Supp. 2d 1151, 1152 (C.D. Cal. 1999) (Matz, J.); *Bianchi v. State Farm Fire & Cas. Co.*, 120 F. Supp. 2d 837, 841 (N.D. Cal. 2000); and *Davis v. Travelers Prop. & Cas. Co.*, 96 F. Supp. 2d 995, 1006 (N.D. Cal. 2000)). Central to the *Cohen* Court's analysis was the fact the NFIA at that time did not contain an express preemption provision. 96 F. Supp. 2d at 1154; *id.* at 1159-60 ("[N]othing in the language of [42 U.S.C. §] 4072 shows a 'clear and manifest' . . . intention of Congress to preempt additional state-based torts for wrongful conduct under the NFIA.").[2] The *Cohen* Court acknowledged federal common law governed the interpretation of SFIPs, but under the law in 1999, this "d[id] not mean that federal common law governs or even addresses the question of whether an insured may bring a common law tort claim under state law against the carrier for its *conduct* in administering that policy." *Id.* at 1155 (emphasis in original). The *Davis* Court relied on *Cohen* and similarly concluded that the "plain language of Section 4072 does not expressly reflect the intent of Congress to preempt extra-contractual state-law claims arising from the handling of SFIP claims." *Davis*, 96 F. Supp. 2d at 1001. Revisiting the same issue one year later in a different case, the same judge who decided *Cohen* reviewed the proposed (but not yet adopted) "What Law Governs" provision and FEMA's statement of intent regarding the proposed changes to the SFIP form:

> In certain circumstances, federal agency regulations may preempt state law. [Cite.] This proposed change, if eventually adopted as an agency regulation and incorporated into future SFIPs, will expressly preempt state law claims . . . , thereby effectively overruling *Cohen* . . . and *Davis*. However, the fact remains that currently this is only a proposed rule, and until its adoption it cannot control the outcome here.

*Scherz v. S. Carolina Ins. Co.*, 112 F. Supp. 2d 1000, 1004-05 (C.D. Cal. 2000) (Matz, J.); *see also Pecarovich*, 272 F. Supp. 2d at 986-87 (declining to retroactively apply express preemption provision in SFIP form to flood insurance claim filed before adoption of "What Law Governs"

---

[2] 42 U.S.C. § 4072 is titled "Adjustment and payment of claims; judicial review; limitations; jurisdiction." In relevant part it states that claimants, upon disallowance in whole or in part, of a flood insurance claim, may institute an action in district court, "and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy."

6

provision, but concluding state tort claims related to handling and denial of coverage were barred by doctrine of conflict preemption). In light of the adoption of the "What Law Governs" provision, *Cohen* and *Davis* are no longer persuasive. Finally, *Bianchi* does not support Plaintiffs' position. The *Bianchi* Court did not in any way hold that a claimant could pursue a state-law breach of contract claim based on an SFIP; instead, it concluded the NFIA preempted a state law claim for breach of the covenant of good faith and fair dealing. *Bianchi*, 120 F. Supp. 2d at 840-41.

The Court finds that Plaintiffs' state-law causes of action relating to the adjustment and payment – i.e., the "handling" – of claims made under their SFIP are expressly preempted. Having reached this conclusion, the Court need not address Defendant's argument regarding conflict preemption. The Court also will not address Plaintiffs' argument that state-law claims relating to the procurement of the SFIP would not be preempted, as no such claims have been pleaded in the FAC. Defendant's Motion to Dismiss the state-law claims is GRANTED.

**B.      Homeowners Policy**

Plaintiffs argue Defendant underwrote both the Homeowners Policy and the SFIP, and acted in bad faith in denying coverage under both policies. Opp'n at 11. Therefore, they contend that even if their claims under the SFIP are preempted, they state claims based on Defendant's denial of coverage under their Homeowners Policy, and the court may exercise jurisdiction over this diversity action. *Id.* at 11-12. However, the Homeowners Policy does not list Defendant as an underwriter, issuer, or insurer of the Homeowners Policy. The Homeowners Policy only references "Your AAA Homeowners Policy" – it does not refer to CSAA. Defendant is not listed in any capacity in the declarations page for that policy. Moreover, the FAC includes no allegations showing that Defendant is an underwriter or insurer of that policy, or that Defendant is legally responsible for AAA's denial of coverage under the Homeowners Policy. The FAC thus does not state any claim against Defendant based on the Homeowners Policy. Moreover, Plaintiffs offer no facts in their Opposition suggesting they can amend the FAC to state facts sufficient to show Defendant issued, underwrote, or is otherwise legally obligated to pay claims based on their Homeowners Policy. *See* Opp'n at 11-12.

**C. Leave to Amend**

In their Opposition, Plaintiffs state that, "[i]f the Court agrees with defendant and holds that the state law claims are preempted," they "seek leave to allege a federal breach of contract claim as contemplated by the NFIA." Opp'n at 13. As amending the pleadings to assert such a claim would not be futile, the Court GRANTS Plaintiffs leave to amend to do so. As the issue is not before it at this juncture, the Court does not at this point decide whether state-law claims based on the procurement of the SFIP are preempted.

In its Motion to Dismiss, Defendant argues that mental and emotional distress damages, punitive damages, interest, and attorneys' fees are not recoverable in this action. *See* Mot. at 10-11. First, Plaintiffs do not respond to this argument. *See* Opp'n. They have therefore conceded the point. *See Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 984 (N.D. Cal. 2014) (failure to respond to arguments raised in motion for summary judgment is concession as to those claims). Second, Defendant's argument is well-taken. *See Bianchi*, 120 F. Supp. 2d at 841-42 (punitive damages, emotional distress damages, and attorneys' fees not recoverable); *Cook v. USAA Gen. Indem. Co.*, 2008 WL 5265103, at *5-6 (N.D. Cal. Dec. 16, 2008) (damages for mental and emotional distress, punitive damages, and attorneys' fees not legally available); *see also Surfsand Resort*, 2017 WL 4678205 at *5-6 (request for attorneys' fees preempted). Similarly, Plaintiffs may not recover prejudgment interest against a WYO insurer. *See Newton v. Capital Assurance Co.*, 245 F.3d 1306, 1309-11 (11th Cir. 2001) (holding "the no-interest rule prohibits award of prejudgment interest against WYO companies" as "interest charges against WYO companies are direct charges against FEMA"); *Pecarovich*, 272 F. Supp. 2d at 990 (following *Newton* and striking request for interest). Plaintiffs thus may not request such relief in their amended complaint, and such requests will be stricken.

## CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss the FAC in its entirety because Plaintiffs' state-law claims relating to the handling of the SFIP claim are preempted.

Plaintiffs may file an amended complaint, as discussed above, within three weeks of this Order.

**IT IS SO ORDERED.**

Dated: January 10, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge