UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALICIA MARTIN, et al.,
    Plaintiffs,
    v.
CSAA INSURANCE EXCHANGE, et al.,
    Defendants.

Case No. 17-cv-04066-MEJ

**ORDER RE: MOTION TO DISMISS**

Re: Dkt. No. 39

## INTRODUCTION

Pending before the Court is Defendant CSAA Insurance Exchange's Motion to Dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). Mot., Dkt. No. 39. Plaintiffs Alicia Martin and Efren Martin filed an Opposition (Dkt. No. 40), and CSAA filed a Reply (Dkt. No. 41). The Court finds this matter suitable for disposition without oral argument and **VACATES** the March 22, 2018 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS** CSAA's Motion for the following reasons.

## BACKGROUND

In the Second Amended Complaint (SAC), Plaintiffs allege their property was damaged in 2016 when torrential rains caused catastrophic flooding. SAC ¶¶ 1, 11, 17, Dkt. No. 38. Plaintiffs allege CSAA issued a Standard Flood Insurance Policy (SFIP) insuring their property, and Defendant AAA issued a homeowner's policy insuring their property. *Id.* ¶ 2. The gravamen of the SAC is that "each Defendant respectively acted in bad faith by refusing to extend coverage" under the policies the Defendant issued. *Id.* ¶¶ 5, 18-22.

Plaintiffs assert claims for breach of contract under federal law and procurement fraud

United States District Court
Northern District of California

against CSAA, as well as a number of state law claims against AAA.[1]  *See* SAC.

CSAA previously moved to dismiss the First Amended Complaint (FAC) for failure to state a claim.  *See* First Mot., Dkt. No. 31.  The Court found the FAC failed to state any claim that was not preempted by federal law and granted CSAA's motion, with leave to amend.  First MTD Order, Dkt. No. 37.

CSAA now moves to dismiss the SAC's fifth claim (Procurement Fraud) and the request for interest and legal fees.

**LEGAL STANDARD**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face.  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff.  *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).  In

---

[1] As of the date of this Order, there is no indication Plaintiffs have served AAA with the SAC.  *See* Docket.

addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

**A. Procurement Fraud**

1. <u>Allegations of the SAC in Support of Procurement Fraud Claim</u>

In support of their fraud in procurement claim, Plaintiffs allege the following:

> Notwithstanding the duty owed, and in breach thereof, CSAA made a false representation to the plaintiffs or conspired or acted in concert to cause a false representation to be made to them.
>
> In advising the Martins that the policy was attractive the agents of defendant warranted that their home, which sits on a hill, would be completely covered for flooding.
>
> There was no express statement that the retaining wall which is self-evidently included on properties built onto a hill would not be covered for damages.
>
> Because water cascades down the hill into the yard or street below, this can cause flooding problems. As such, the fact that a retaining wall between the properties even exists, means the property was built on a hill above plaintiffs' neighbor's home.
>
> These facts should have been discussed during defendant's procurement process, but they were not.
>
> At the time that this misrepresentation was made, CSAA knew that in the event of a flood loss, plaintiffs would not be made whole and at the time of the misrepresentation CSAA should have known of the devastating consequential damages that this falsehood would cause.

3

        The misrepresentation was made for the purpose of defrauding the plaintiffs.

SAC ¶¶ 57-63.

    2.    <u>Analysis</u>

Rule 9(b) requires parties "alleging fraud or mistake, [to] state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Claims "grounded in fraud" must "satisfy the heightened pleading requirements of Rule 9(b)." *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1107 (9th Cir. 2003). As such, a complaint alleging fraud must "identify the specific misrepresentations [and] specify when and where they occurred." *Id.* "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (allegations of fraud must be stated with "specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." (internal quotation marks and citations omitted)).

Plaintiffs argue they satisfied Rule 9(b)'s heightened pleading requirements by alleging "who" made the misrepresentations (a CSAA agent), what the misrepresentation was (an SFIP policy), when (since the inception of the policy), where (Oakland), and how (suggesting, as a fact, that the policy would cover damages to and/or cause by the retaining wall). Opp'n at 5-6. These allegations do not satisfy Rule 9(b).

First, Plaintiffs must allege with particularity which employee, agent, or representative of the defendant made the misrepresentations or material omissions. *See United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001) (Rule 9(b) was not satisfied, inter alia, because plaintiff did not "identify the [defendant's] employees who performed the tests, or provide any dates, times, or places the tests were conducted"); *Kapu Gems v. Diamond Imports, Inc.*, 2016 WL 4259119, at *14 (N.D. Cal. Aug. 12, 2016) (allegations of fraud not pleaded with "requisite particularity" when they failed to "identif[y] the particular individuals who 'represented' that they would not solicit . . . customers or who undertook the alleged soliciting. . . . where the parties were when the representations were made, [or] whether they were made in

4

person or by some other mode of communication"). Plaintiffs argue that the Rule 9(b) requirements are "relaxed" when plaintiffs lack access to all facts necessary to detail their fraud claims. Opp'n at 6. But to the extent Plaintiffs allege the CSAA agent who sold them the SFIP misrepresented certain facts when selling them the policy, Plaintiffs have access to the necessary details: the identity (or at least description) of the agent who they met, when and where they met the agent, and how the agent communicated what alleged misrepresentations or omissions.

Second, the SAC does not allege CSAA had "at least constructive notice of the omission of an express statement that the 'retaining wall' would not be covered for damages." Opp'n at 5. The SAC only alleges that CSAA, "[i]n advising the Martins that the policy was attractive . . . warranted that their home, which sits on a hill, would be completely covered for flooding. There was no express statement that the retaining wall which is self-evidently included on properties built onto a hill would not be covered for damages." SAC ¶¶ 58-59. The SAC does not allege Plaintiffs showed pictures of the property to CSAA's agent, informed the CSAA agent that their property sat on a hill or had a retaining wall; nor are there any other details supporting their contention that the CSAA agent had "at least constructive notice" of the situation. *See* SAC.

Third, the SAC does not adequately allege intent to defraud. The SAC only alleges that CSAA "advis[ed] the Martins that the policy was attractive." *Id.* ¶ 58. Such a statement could pertain to the cost of the policy, the deductible, the extent of the coverage – essentially, any aspect of the policy. Allegations that this statement amounts to a warranty that Plaintiffs' home "would be completely covered for flooding" is purely conclusory; Plaintiffs offer no basis for this interpretation.

At best, the SAC alleges CSAA did not pay out on the SFIP. This is insufficient to allege fraud: "While mere failure to perform on a contract does not constitute fraud, a promise made without the intention to perform can be actionable fraud." *Kearns*, 567 F.3d at 1124; *see also Tsai v. Wang*, 2017 WL 2587929, at *5 (N.D. Cal. June 14, 2017) ("Simply pointing to Defendant[s'] alleged failure to perform under the parties' agreement is insufficient to establish Defendant[s'] fraudulent intent."); *Muse Brands, LLC v. Gentil*, 2015 WL 4572975, at *5 (N.D. Cal. July 29, 2015) ("[T]he FAC falls short because Plaintiff[ has] failed to allege facts sufficient to support a

plausible inference that the statements were actually false when made. All that is alleged in the FAC is that the statements turned out to be false. But courts have oft rejected the argument that a plaintiff can prove the requisite fraudulent intent by simply pointing to the defendant's subsequent failure to perform under the agreement.")

Plaintiffs' "allegations may satisfy Rule 8[']s more basic notice test; they do convey the . . . grievance. But they embody exactly the sort of generic identification of fraud that Rule 9(b)'s more rigorous demand is meant to winnow out." *Smith v. Ygrene Energy Fund, Inc.*, 2017 WL 3168519, at *5 (N.D. Cal. July 26, 2017) (applying *Kearns*, 567 F.3d at 1126).

CSAA's Motion to Dismiss the Fifth Cause of Action for Fraud in the Procurement is GRANTED.

### 3. Leave to Amend

CSAA urges the Court to deny Plaintiffs leave to amend the fifth cause of action because it is "little more than a thinly veiled attempt to simply re-label their prior bad faith claim arising from the handling of the SFIP claim." Mot. at 6-7; *id.* at 9 (This "appears to be nothing more than an ill-fated attempt to circumvent this Court's Order that bad faith causes of action related to the handling of an SFIP claim are preempted" by the National Flood Insurance Plan). The Court agrees that "renaming a bad faith claim does not change the ultimate gravamen of the dispute: that plaintiffs are dissatisfied with the handling and denial of their claim." *Id.* at 9. Indeed, Plaintiffs allege the heart of their dispute is that CSAA "acted in bad faith by refusing to extend coverage under . . . the SFIP." SAC ¶ 5. For the reasons stated in the First Order, such claims would be preempted. *See* First MTD Order at 3-7.

Plaintiffs do not respond to CSAA's preemption argument; instead, they argue that leave should be granted because the standard for doing to is "very liberal." *See* Opp'n at 7-8. Though true, Plaintiffs have had ample opportunity to plead their "fraud in procurement" claim against CSAA, but they have failed to do so effectively. Leave need not be granted where doing so would be futile. Plaintiffs make no attempt to articulate how they could amend the procurement fraud claim in a manner that avoids preemption. Plaintiffs repeatedly failed to cure deficiencies in their pleading, and they do not explain why they are now able to cure the deficiencies when they were

unable to do so prior to this point. Plaintiffs also fail to respond to CSAA's contention that any amended "procurement" claim would be preempted as a bad faith state law claim. As such, the Court DENIES the request for leave to amend their pleading a third time. *See Eminence Capital*, 316 F.3d at 1052 (leave need not be granted where plaintiff had multiple opportunities to amend, or where amendment would be futile); *Papasan v. Dometic Corp.*, 2017 WL 4865602, at *18 (N.D. Cal. Oct. 27, 2017) (collecting cases standing for proposition that party that fails to respond to argument raised in motion to dismiss concedes the argument).

### B. Request for Interest and Attorneys' Fees

The Court previously dismissed Plaintiffs' request for mental and emotional distress damages, punitive damages, interest and attorneys' fees because (1) Plaintiffs did not oppose CSAA's motion to dismiss these types of relief, and (2) such damages were not recoverable. First MTD Order at 8. The Court explicitly stated: "Plaintiffs thus may not request such relief in their amended complaint, and such requests will be stricken." *Id.*

In several instances, the SAC identifies the specific defendant from which Plaintiffs seek a particular type of relief; however, the SAC does not specifically identify the defendant(s) from which it requests interest and attorneys' fees. *See* Prayer for Relief. Plaintiffs once more fail to oppose the motion to strike this relief. *See* Opp'n at 6-7 (discussing ability to elect restitution or damages, but not addressing Defendant's arguments regarding attorneys' fees and interest, much less the Court's First MTD Order finding such relief was not available against CSAA). Such relief still is not available to Plaintiffs in connection with their claims against CSAA.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** CSAA's Motion to Dismiss the Fifth Cause of Action for Procurement Fraud, and strikes the request for attorneys' fees and interest as to CSAA, both without leave to amend. CSAA shall answer the Complaint, as narrowed by this Order, within 14 days.

After CSAA answers, the Court will STAY the action pending Plaintiffs' filing of a proof

of service upon AAA. Once AAA has appeared in the action or defaulted, the Court will schedule a case management conference.

**IT IS SO ORDERED.**

Dated: March 8, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge